S. LANE TUCKER
United States Attorney

JACK S. SCHMIDT
Assistant United States Attorney
AMANDA L. GAVELEK
Special Assistant United States Attorney
Federal Building & U.S. Courthouse
709 West 9th Street, Room 937
Post Office Box 21627
Juneau, Alaska 99802
Phone: (907) 796-0400
Fax: (907) 796-0409
E-mail: Jack.schmidt@usdoj.gov
Emails: Amanda.gavelek@usdoj.gov; Amanda.L.Gavelek2@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>MARIAN TILLION BECK,<br><br>    Defendant. | Case No. 1:23-cr-00001-TMB-MMS |

**UNITED STATES SENTENCING MEMORANDUM**

<u>**SUMMARY OF SENTENCING RECOMMENDATIONS**</u>

**TERM OF IMPRISONMENT** ................................................................................. None

**PROBATION** ........................................................................................ 5 YEARS

**FINE** .................................................................................................... $25,000

**SPECIAL ASSESSMENT** ................................................................................................ **$25**

**RESTITUTION** ..................................................................................**TBD (IF ANY)**

**RELINQUISH MASTER-CAPTAIN'S LICENSE TO THE U.S.C.G.**

The United States has agreed to waive the presentence investigation report (PSR). The parties conferred on October 31, 2023, and again on November 1, 2023, reiterating the agreed upon waiver. The government is therefore filing its sentencing memorandum without a PSR. The United States Probation Office (U.S.P.O.) may still file a PSR with the Court.

I.     **BACKGROUND**

On August 23, 2022, E.L., a commercial pilot, was hired to charter 7 passengers from the Stillpoint Lodge in Homer, Alaska for a bear and sightseeing tour via seaplane, N64397. E.L. embarked the passengers and began to taxi out of Halibut Cove in order to take off. During this transit to the entrance to the cove, an aluminum vessel, the M/V Silver Bullet, operated by the defendant MARIAN TILLION BECK, was maneuvering at a high rate of speed as the defendant drove the vessel in circles in close proximity around and in front of E. L.'s seaplane. E. L. initially believed the defendant was attempting to communicate something to him, however, the defendant did not stop or slow down, and continued to operate erratically around the plane. E.L. indicated that Beck transited so close to the aircraft that E.L was worried about potentially colliding between the M/V Silver Bullet and N64397, damaging the aircraft's floatation, and making the aircraft unstable. As a result of this, E.L. advised the passengers to put on their personal flotation devices in case of the need to immediately evacuate the aircraft.

Beck knew, or consciously disregarded a substantial and unjustifiable risk, that operating the M/V Silver Bullet in a manner that was in close proximity to E.L.'s taxiing aircraft, at high speed, within several feet of the front of the seaplane, and causing a large wake resulting in the aircraft's propeller to strike the water, was conduct of a high degree of reckless indifference and a substantial departure from the ordinary standard of care for the safety of E.L., E.L.'s passengers, and seaplane N64397.

## II. GUIDELINE APPLICATIONS

### A. Base Offense Level

The base offense level for this offense is a 6.

### B. Criminal History

The defendant has no criminal history, placing her in Criminal History Category I.

### C. Acceptance of Responsibility

The United States Sentencing Commission Guidelines (U.S.S.G.) Section 3E1.1 allows for up to a two-point decrease to the defendant's criminal offense level for acceptance of responsibility. The defendant pleaded guilty and agreed to the facts which constitute the essential elements in the counts of conviction. Therefore, the government recommends the two-point decrease for the defendant's criminal offense level for acceptance of responsibility.

### D. Total Offense Level

The United States calculates a total offense level of 4, taking into account the base offense level, applicable variances, and the defendant's criminal history as described above.

### E. Total Sentence Recommendation and Justification

Based upon the defendant's total offense level of 4 and Criminal History Category I, the U.S.S.G. range is 0-6 months imprisonment. The Government does not recommend a sentence of imprisonment, and instead recommends that the defendant be placed on 5 years of probation. This recommendation is based largely on the defendant's willingness to accept timely imposition of her sentence in accordance with the terms of the defendant's plea agreement.

## III. WITNESSES

The United States notified E.L. of this hearing and E.L. may provide a statement at the hearing.

## IV. RELINQUISHMENT OF PROFESSIONAL LICENSE

The defendant has agreed to relinquish her Master-Captain's License to the United States Coast Guard upon the imposition of the sentence.

## V. APPLICATION OF 18 U.S.C. §3553(a)

The crime itself and the history of the defendant are facts the Court must consider when fashioning an appropriate sentence for the defendant. An application of the factors set forth in 18 U.S.C. §3553(a) supports the agreed upon sentence between the parties.

### A. The nature and circumstances of the offense

The nature and circumstances of the present offense indicates the defendant acted intentionally, with a reckless disregard for human safety. The defendant was operating the M/V Silver Bullet inside the cove, where vessels and seaplanes routinely transit. The high volume of traffic demands that captains and pilots alike proceed with caution while

transiting the area. The defendant's willful actions of traveling at a high rate of speed and making tight and quick maneuvers in front of and around E. L.'s plane full of passengers multiple times, created a wake big enough to cause the plane propeller to strike the water. (Gov Exhibit 1, bates Beck_00000031.) Furthermore, her erratic behavior caused the pilot to order the passengers to put on their life vests, anticipating the possibility of having to evacuate the aircraft. Finally, as another vessel gave way to the seaplane, the defendant, as a licensed captain, should have reasonably known that her actions were outside the norm for basic vessel navigational rules and were well outside the ordinary standard of care.

### B. The history and characteristics of the defendant

The defendant is 68 years old and has no criminal history to report. It has been reported that the defendant has had some serious medical issues leading up to this plea which has effectively changed some of the government's recommendations. She has been a licensed captain for almost 50 years, and has also owned and operated several businesses in Halibut Cove.

### C. The seriousness of the offense

Although the defendant is pleading to a misdemeanor offense, she nonetheless put several people in harm's way with her actions. As a licensed mariner, her reckless behavior is even more reprehensible, given that she has extensive knowledge and training of vessel traffic and vessel safety regulations, which she willfully disregarded. A licensed captain, acting with due care under the same circumstances, would not have intentionally cut across the path of the seaplane multiple times, and would know to give way to the

outbound craft. Furthermore, her actions were caught on video, posted online, and received overwhelmingly negative responses. (Gov Exhibit 2, bates Beck_00000034.) The community outrage regarding her behavior further bolsters the seriousness of the offense, and the need for appropriate adjudication.

D. **Respect for the law**

Any sentence the court fashions for the defendant should emphasize a respect for the law.

E. **The need to provide just punishment for the offense**

The United States strives for consistency with its sentencing recommendations. The Guidelines are not a perfect system but are a way of providing consistency in sentencing ranges for individuals charged with similar crimes that may have similar backgrounds.

F. **Deterrence**

Any sentence the court fashions for the defendant should act as a deterrence to further criminal conduct. Given the defendant's lack of criminal history and the statutory requirements for this offense, 5 years probation represents the minimum necessary to afford adequate deterrence in this case.

G. **Protection of the public**

The defendant's actions require her to relinquish her license, both under the plea agreement and under regulatory guidelines. This is necessary to protect the public and prevent her from engaging in this type of behavior as a commercial vessel operator in the future.

U.S. v. Beck
1:23-cr-00001-TMB-MMS                 6

H.  **Provision of medical care or treatment.**

The United States is not recommending incarceration due to the defendant's significant medical issues, and instead recommends the defendant maintain the ability to seek proper medical care. Further, the alternative punishments available are sufficient to achieve a just outcome for the offenses committed.

VI.  **CONCLUSION**

Based on the foregoing, the United States recommends a sentence of 0 months imprisonment, five years probation, a $25,000 fine, a special monetary assessment of $25.00, and for the defendant to surrender her Master-Captain's license.

RESPECTFULLY SUBMITTED on November 1, 2023, in Juneau, Alaska.

S. LANE TUCKER
United States Attorney

*s/ Amanda L. Gavelek*
AMANDA L. GAVELEK
Special Assistant United States Attorney

*s/ Jack S. Schmidt*
JACK S. SCHMIDT
Assistant United States Attorney

**CERTIFICATE OF SERVICE**
I hereby certify that on November 1, 2023,
a true and correct copy of the foregoing
was served via electronically on CM/ECF and/ or
by U.S. Mail system on the following:

Counsel of Record

*s/ Amanda L. Gavelek*
Office of the U.S. Attorney

*s/ Jack S. Schmidt*
Office of the U.S. Attorney

U.S. v. Beck
1:23-cr-00001-TMB-MMS                7